## SOUTHERN RY. CO. v. TERRELL.

### (Circuit Court of Appeals, Fifth Circuit. March 28, 1911.)

### No. 2,051.

**1. TRIAL (§ 295\*)—INSTRUCTIONS—CONSTRUCTION AS A WHOLE.**

In an action for injuries to a railroad lamplighter, the court gave an elaborate charge fully covering the issues, authorizing recovery only in the event the jury found defendant was negligent after defendant's servants discovered plaintiff's peril, but also charged that the jury should determine whether, when plaintiff got in peril on the track, had defendant's servants used reasonable care to keep a proper lookout, they would have seen him in time to have avoided injuring him, or whether, when he got in peril, defendant's servants or agents were so close that, even if they had kept a proper lookout, they could not have stopped in time to prevent running over him, and that in the first case plaintiff was entitled to recover, and in the second the verdict should be for defendant. *Held*, that defendant was not entitled to a reversal because such charge predicated liability on peril to plaintiff arising from the mere fact that he was on the track, or from some other peril than that which arose from the fact that his foot was caught in the track; the charge, when considered as a whole, being sufficient.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.\*]

**2. TRIAL (§ 260\*)—REQUEST TO CHARGE—REFUSAL.**

It is not error to refuse a request to charge substantially covered by instructions given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.\*]

In Error to the Circuit Court of the United States for the Northern District of Alabama.

Action by J. H. Terrell against the Southern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

This is an action originally commenced in the city court of Birmingham, Ala., by the defendant in error, against the Southern Railway Company, the plaintiff in error, and removed by the latter, by proper proceedings, to the Circuit Court of the United States for the Southern Division of the Northern District of Alabama, at Birmingham. The plaintiff below sought to recover damages for personal injuries received by him August 19, 1905; it being alleged that, while being employed by the defendant as a lamplighter, and while acting in the line of his employment, he was in the act of crossing the defendant's track, near the city of Birmingham, his foot was caught between the rail and switchpoint of the track, so that he could not extricate himself, and that while he was in this position he was negligently run over, or wantonly run over, as variously charged in the several counts of the complaint, by an engine in charge of the defendant's employés, and so injured that his foot had to be amputated. On the trial of the case in the court below there were verdict and judgment for the plaintiff in the sum of $5,000, from which judgment the defendant below sues out this writ.

The original complaint contained four counts, to each of which demurrers were interposed. After the removal of the case into the court below, eight other counts were added to the complaint, by amendment, numbered respectively, 5 to 12, inclusive, and to each of these additional counts the same demurrers were interposed. The court sustained the demurrers interposed to count No. 2, and overruled the demurrers to the other counts. Thereupon the defendant filed its pleas of the general issue and five special pleas, setting up contributory negligence of the plaintiff in various forms. Subsequently, after

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

all the evidence was introduced, the court gave the general affirmative charge as to each of counts numbered 8 and 12, and the court, in its oral charge to the jury, instructed them that they need not consider any of the counts of the complaint, except counts 5, 6, 7, 9, 10, and 11. These remaining counts were substantially alike in tenor and effect, except that counts 5, 6, 7, and 9 charged, respectively, simple negligence merely on the part of the employé mentioned therein, as having charge or control of the defendant's engine, in the operation of the engine, and counts 10 and 11, respectively, charged that the employé mentioned therein was guilty of wantonly or intentionally causing or inflicting the plaintiff's injuries. Count 5 attributes negligence to Charles Rollins (Rawlins), shown by the evidence to have been foreman of the engine; count 6 attributes negligence to J. F. Gallagher, shown by the evidence to have been the fireman; count 9 attributes negligence to a person in the service or employment of defendant, whose name was unknown, but who is alleged to have had charge or control of the engine; count 10 charges the said Charles Rollins (Rawlins) with having wantonly or intentionally inflicted the plaintiff's injuries; and count 11 charges the said Gallagher with having wantonly or intentionally inflicted the said injuries.

The case went to the jury only on the said six counts of the complaint and defendant's said pleas interposed thereto. The defendant requested in writing the general affirmative charge as to each of said six counts, but the court refused each of said requests, to which the defendant excepted. The plaintiffs in error do not insist on any of said last-named exceptions, except that reserved to the ruling of the court in refusing to give the general affirmative charge as to count numbered 7.

James Weatherly and J. T. Stokely, for plaintiff in error.
G. R. Harsh, for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and TOULMIN, District Judge.

PARDEE, Circuit Judge (after stating the facts as above). At a former day of this term, this court entered the following opinion and judgment:

"The first six assignments of error complain of errors of the trial court in ruling on the pleadings. As to these assignments, counsel for plaintiff in error state in their brief that they do not insist upon them. All the other assignments complain of errors of the trial court in charges to the jury actually given, and to refusal to give specific charges requested.

We find in the record that on December 10, 1909, the trial judge granted 60 days from that date within which to file bill of exceptions; that on January 13, 1910, application was made for a writ of error to this court, which was allowed, and bond and assignment of error filed; but we do not find in the record any bill of exceptions, nor any explanation of a document found in the printed transcript entitled 'Bill of Exceptions,' but without date or filing marks, and not purporting to be signed by the trial judge. Without a duly signed bill of exceptions, we cannot pass upon alleged errors of the trial court in charging the jury.

"The judgment of the Circuit Court is affirmed."

Since entering this decree, it has been made to appear that the purported bill of exceptions found in the printed record, without date or filing marks, and not purporting to be signed by the trial judge, was actually signed by the trial judge, filed in due season, and left out of the transcript by omission of the maker thereof; and these facts are further made to appear by a written consent of counsel on both sides on file with the clerk. Under these circumstances, we have taken up the case for further consideration as though a formal application for rehearing had been filed and granted.

Of the assignments of error not passed upon in our former decree, counsel for plaintiff in error in their brief insist only upon the seventh, twelfth, and sixteenth, through the twenty-second, inclusive.

[1] The seventh assignment of error is as follows:

"The Circuit Court erred in orally charging the jury as follows: 'It seems to me, to simplify the matter, under the facts in the case, the important point for you to determine in regard to the liability of the parties is whether under the evidence you are reasonably satisfied that when the plaintiff got on the track, or when he got in peril on the track, whether you are reasonably satisfied from the evidence that, if the defendant's servants had used reasonable care to keep a proper lookout, they could have seen him in time to avoid his injury, or whether, on the other hand, when he got in peril, the defendant's servants or agents were so close that, even if they had kept a proper lookout, still they could not have stopped in time to have prevented running over him. In other words, in the first case you find for the plaintiff, and in the second case you find for the defendant. That is the way it looks to me."

It is claimed that in this charge the court predicates liability of the defendant on a situation of peril to the plaintiff arising from the mere fact that he was on the track, or from some other peril than that which directly arose from the fact that his foot was caught in the track. The above instruction is a part of an elaborate charge fully covering the issues presented by the pleadings and evidence, and from the charge as a whole it is clear that the judge does not predicate liability of the defendant from the time when the plaintiff got on the track, or even from the time when he got in peril on the track, but only from the time the defendant's agents should have discovered that the plaintiff was in peril.

The twelfth assignment of error complains of the refusal of the court to charge that under the evidence the jury could not find a verdict in favor of the plaintiff on the seventh count of the complaint. The evidence fully warranted submitting this count to the jury.

[2] The sixteenth to the twenty-second assignments of error complain of refusals of the court to give specific charges as follows, to wit:

"(16) The Circuit Court erred in refusing to give the following written charge requested by defendant: 'Knowledge of the peril of the plaintiff, as applied to the facts of this case, dates only from the moment plaintiff was caught between the rails, and this fact must have been apparent to those in charge of the engine, and no duty to stop the train arose until it became apparent.'

"(17) The Circuit Court erred in refusing to give the following written charge requested by defendant: 'If the jury believe from the evidence that none of those in charge of the engine had reasonable opportunity to avoid striking plaintiff with the engine after they became aware that he was "stuck" on the track, your verdict must be for the defendant.'

"(18) The Circuit Court erred in refusing to give the following written charge requested by defendant: 'If the jury believe from the evidence that those in charge of the engine waited so long before beginning to stop the engine that they could not stop it in time, but that they began to stop as soon as they saw Terrell was in a position of peril, your verdict must be for the defendant.'

"(19) The Circuit Court erred in refusing to give the following written charge requested by defendant: 'No duty to Terrell existed until he was actually in peril, and under the facts of this case he was not in peril until his foot was caught in the track, as shown by the evidence.'

"(20) The Circuit Court erred in refusing to give the following written charge requested by defendant: 'If you believe from the evidence that the

plaintiff's foot was caught in the track, and that when caught the engine was so close to him it was too late to avoid striking him, you must bring in a verdict in favor of the railroad company.'

"(21) The Circuit Court erred in refusing to give the following written charge requested by defendant: 'If you believe from the evidence that those in charge of the engine saw the plaintiff's peril as soon as it could have been seen by the use of due care (his peril consisting of the fact of his foot being caught in the track), and that thereafter they used due care to avoid striking him, you should find for the defendant.'

"(22) The Circuit Court erred in refusing to give the following written charge requested by defendant: 'I charge you that the fireman's duty to keep a lookout ahead is not an absolute duty, but is relative to other duties which he may have to perform, and he is not necessarily guilty of negligence if he did not look ahead, and he is not guilty of any wrong or negligence at all, if you believe from the evidence that in approaching the place of the accident. when he might have seen the plaintiff, he did not see him, because he was performing other duties which he was reasonably required to perform.' "

The charge of the judge is given in full in the record. It substantially and correctly covers all the matters of law arising under the evidence and involved in these several special requests, and therefore we find no reversible error in refusing to stress by emphatic repetition any one of the propositions. It was his province to instruct the jury in the law of the case in his own language, and he could well refuse to adopt the specific language of counsel.

For the reasons herein given, and considering our former judgment as withdrawn, except in relation to the first six assignments of error, the judgment of the Circuit Court is now in all respects affirmed, with costs.